

FILED
MAY 10 2018

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| RALPH E. TAKEN ALIVE, JR., <br><br> Petition, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | 1:18-CV-01012-CBK <br><br> **OPINION AND ORDER ON MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE AND ORDER DENYING CERTIFICATE OF APPEALABILITY** |

Petitioner was convicted of voluntary manslaughter, assault with a dangerous weapon, and assault resulting in serious bodily injury. He was sentenced on February 26, 2007, to a total sentence of 316 months custody. He appealed his conviction and the United States Court of Appeals for the Eighth Circuit affirmed. United States v. Taken Alive, 513 F.3d 899 (8th Cir. 2008). Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on April 27, 2018, contending that he received ineffective assistance of counsel.

I have conducted an initial consideration of the motion, as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner's convictions became final in 2008. He did not file his petition until nearly ten years later. His petition is untimely unless he filed within one year of one of the events set forth in § 2255(f). Petitioner contends that his motion is timely based upon the recent receipt of exculpatory evidence, his own medical records.

Petitioner was convicted of assaulting Justin Farrell on February 10, 2006, with a club, resulting in serious bodily injury. Petitioner was also convicted of the killing of Clayton Elling on March 9, 2006, by assaulting Clayton Elling, which assault resulted in death. As to the latter conviction, the evidence at trial showed that petitioner, the victim, and others were drinking together and driving to a funeral. On the way to the funeral, petitioner and the victim got out of the vehicle, began fighting and eventually entered a wooded area out of sight of their companions. Petitioner returned to the car. The victim did not. Petitioner and the others drove away. The victim was never seen alive again and was found dead on March 23, 2006. The victim died of exposure. Prior to his death, he had sustained 23 fractures to his ribs and had multiple abrasions, lacerations, and contusions on his face and body. The physician who performed the autopsy testified that the broken ribs contributed to Elling's death from exposure and that such injuries had to have been caused by blunt force trauma. The government's theory at trial was that petitioner inflicted those injuries by repeatedly kicking Elling, leaving Elling unable to seek help so that Elling froze to death.

Petitioner contends that he was physically incapable of causing the injuries which lead to Elling's death. Petitioner claims he now has copies of his own medical records which show he was physically disabled in both of his lower legs and feet and was physically incapable of kicking Elling, causing broken ribs. Petitioner asserts that the recent receipt of his medical records justifies the late filing of his petition.

Petitioner has asserted claims of ineffective assistance of counsel. He contends that his trial counsel was ineffective in failing to obtain petitioner's medical records and failing to request an orthopedic expert to prove petitioner's innocence of the crime of voluntary manslaughter. Petitioner also contends that trial counsel was ineffective in failing to appeal the magistrate's order denying his motion for severance to the district court and in failing to file a motion for a new trial. Petitioner contends that trial counsel was ineffective in failing to take a deposition to preserve evidence of Brian Ferrell prior to Brian's death four weeks after counsel was appointed. Petitioner contends that he acted in defense of Brian Farrell when he assaulted Justin Farrell and that Brian Farrell's deposition testimony would have supported petitioner's

2

justification defense. Petitioner further contends that trial counsel was ineffective in failing to subpoena Brian Farrell's medical records to show that Brian Farrell was, at the time of the assault upon Justin Farrell, terminally ill from cancer and unable to protect himself from an assault by Justin Farrell. Finally, petitioner contends that trial counsel prevented petitioner from taking the stand to testify as to his justification defense by lying to petitioner about his right to do so.

Whether or not any of the foregoing claims have any merit, petitioner cannot pursue his claims of ineffective assistance of counsel unless his motion to vacate was filed within a year of any of the events set forth in 28 U.S.C. § 2255(f). The only arguably applicable event is the "date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence" set forth in 28 U.S.C. § 2255(f)(4). "To be entitled to invoke the statute of limitations contained in section 2255(f)(4), we have said that a petitioner must show the existence of a new fact, while also demonstrating that he acted with diligence to discover the new fact." Deroo v. United States, 709 F.3d 1242, 1245 (8th Cir. 2013) (*quoting* Anjulo–Lopez v. United States, 541 F.3d 814, 817 (8th Cir. 2008)).

The "fact supporting the claim" in this case is the alleged fact that the petitioner was physically incapable of committing the assault. This "fact" is not a new fact. Petitioner claims he was physically disabled at the time of the offense in 2006. He submitted medical records from 2004 indicating that, in 2004, he suffered an injury requiring the temporary implantation of surgical screws. Whether or not such medical evidence would have been exculpatory as to the manslaughter conviction, such medical evidence was certainly known to petitioner at the time he was indicted. He knew at the time of the trial, at the very latest, that the government contended that he assaulted Elling by kicking him, causing 23 rib fractures. He cannot rely upon his own prior medical history as a basis for extending the statute of limitations. In any event, a delay of 12 years does not constitute "due diligence."

In a recent filing in petitioner's criminal case, petitioner contends that he waited 12 years for the Indian Health Service to send him a copy of his medical records. "When newly discovered evidence is the ground for a § 2255 motion, the district court should apply the same substantive test which governs a motion for a new trial under Fed. R. Crim. P. 33 premised upon the same ground." Weaver v. United States, 793 F.3d 857, 863 (8th Cir. 2015). The Eighth Circuit has observed:

3

> Even where an affidavit is not available until after trial, if the factual basis for the testimony in the affidavit existed before trial, then it is not newly discovered evidence. In other words, "Rule 33 does not authorize district courts to grant new trials on the basis of such evidence since it is not newly discovered, but merely newly available."

United States v. Bell, 761 F.3d 900, 911 (8th Cir. 2014) (internal citations omitted). In this case, Petitioner's medical records are not newly discovered but merely newly available. The late receipt of a copy of the petitioner's medical records does not warrant tolling of the statute of limitations in this case.

Petitioner has not shown that his motion to vacate, set aside, or correct sentence is timely. Summary dismissal is appropriate pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Now, therefore,

**IT IS ORDERED** that petitioner's motion, Doc. 1, to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. § 2255 is denied. Petitioner's motion, Doc. 2, to proceed *in forma pauperis* is denied.

**IT IS HEREBY CERTIFIED** that there does not exist probable cause of an appealable issue with respect to the Court's order denying petitioner's successive § 2255 motion. No certificate of appealability will be granted.

DATED this 10th day of May, 2018.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

4